# FEDERAL SUPREME COURT
## Cases, Judges, Officers, Proceedings and Opinions

## SUPREME COURT of U. S.

Chief Justice—William Howard Taft of Ohio.

Associate Justices—Joseph McKenna of California, Oliver Wendell Holmes of Massachusetts, Pierce Butler of Minnesota, William VanDeventer of Wyoming, Mahlen Pitney of New Jersey, James Clark McReynolds of Tennessee, Louis D. Brandeis of Massachusetts and George H. Sutherland of Utah.

Clerk—Wm. S. Stansbury, Dist. Columbia.

Deputy Clerk—Philander R. Stansbury.

Marshal—Frank K. Green of Kentucky. ·

Reporter—Ernest Knaebel of Colorado.

Terms—At Washington, D. C., second Monday in October, annually.

### No. 108

GENERAL INVEST. CO. v. LAKE SHORE & M. S. RY. CO. et al.

U. S. Supreme Court, decided Nov. 27, 1922.

REMOVAL OF CAUSES—Railroad consolidation— Jurisdiction — State courts — Appearance — Dismissal—Waivers—Private suit—Jurisdiction on removal—Anti-trust laws.

JUSTICE VAN DEVANTER.

### Epitomized Opinion

Appeal from U. S. C. Court of Appeals, Sixth Circuit

This suit was brought in the state court by a stockholder in these two companies to enjoin the consolidation of N. Y. Cent. RR. Co., Lake Shore & M. S. Ry. Co., and other roads. Service on New York Central was attempted by service ticket agent of the Lake Shore, over whose roads the Central ran trains. New York Central made objections to service in the state court, which were overruled, and the case removed to U. S. District Court. Motion was there made to quash service, to dismiss, etc. For full opinion see 83 Sup. Ct. Rep. 107.

Held:

1. After removal to U. S. Court, motion to quash service could be renewed.

2. A railroad company who runs through trains over another road, where each company had ticket agents who sold tickets over either road, was not doing business in Ohio, and the agent of the other company was not so its agent, that service could be made on it.

3. A petition for removal of a case is only a special appearance, and validity of prior service may be attached.

4. Stipulation for use in Federal Court of evidence used in State Court is not entry of appearance.

5. Use of a plural term in brief as "Defendants." A mere inadvertence and not a general appearance.

6. Statute providing venire for suit; personal privilege which may be waived, and is if he appears without claiming it.

7. The "proper district" to remove a case to is the one in which the case was commenced in the State Court.

8. Cases may be removed to Federal Court in district where it could not have been commenced.

9. There is no limitation as to removal by reason of residence of defendant.

10. The rearrangement of sections of the U. S. judicial code made no change in meaning.

11. Statutes fixing district in which suit shall be brought may be waived.

12. Statute for special service on non-residents is inapplicable to suits of this nature to enjoin consolidations.

13. Leave to file supplemental bill, discretionary and not to be disturbed unless abused.

14. Not an abuse of discretion to deny leave to file a supplemental bill so as to change nature of the suit.

15. Reversal of affirmance for one reason does not make res adjudicata, as to other question not discussed or decided.

16. A company proposing to consolidate with another is an indispensable party to action to prevent consolidation, so far as the bill sought to enjoin it from voting certain stock.

17. Private party cannot maintain suit to enjoin violation of Sherman or Clayton anti-trust law.

18. Such suits cannot be brought in state courts.

19. Removal to Federal Court does not give it jurisdiction where State Court had none, but may be asserted after consummated.

20. A dismissal of the case for lack of jurisdiction of the State Court should be without prejudice.

21. It is necessary for private party to show clearly and positively in what respects the law is about to be violated, and why irreparable injury will result to him.

Counsel—F. A. Henry, Cleveland, and Elijah N. Zoline, New York, for appellant; W. C. Noyes, New York, and Samuel H. West, Cleveland, for appellees.

### PLAN SKYSCRAPER JAIL

A skyscraper jail has been suggested for Chicago. Heretofore public buildings have been allowed to spread recklessly over valuable city ground, in Greek temple fashion. But the skyscraper church and the skyscraper school have made their appearance in New York, and the prospect is that eventually even the jail in a big city muts take up as little space on earth as possible. If the jail must accommodate as many guests as a medium sized hotel, then it must, like the hotel, spread itself vertically.

The newest thing in jails, designed by H. H. Hart, president of the American Prison Association, saves considerable city space. And the designer points out that if, with the growth of a city, even a nine-story jail should become uncomfortably crowded, extra stories can be added. The jail can thus be enlarged without the usual trouble and expense involved when adjoining property must be acquired.—Plain Dealer.

The fresh precedents found in the Current Ohio Case Law so abundantly given in The Abstract will frequently serve to help out of a tight place, the lawyer whose case is otherwise dubious.